### Lorenzo Allis

*vs.*

### Franklin O. Day, surviving partner, &c.

When the return on an attachment shows that a specific debt belonging to a certain copartnership was attached by the sheriff, it cannot be applied to a debt belonging to another copartnership, although both copartnerships had the same firm name, and one partner was a member of both firms.

A return which states that the sheriff attached "all debts and indebtedness due or owing by A B to C D," does not include the interest of C D in a partnership debt owned by a firm, of which he is a member, not a party to the action.

This cause is brought to this Court by appeal taken by the plaintiff from an order of the District Court for Ramsey coun-

ty, setting aside the levy of an attachment issued therein. The case is fully stated in the opinion of the Court.

ALLIS, GILFILLAN & WILLIAMS for Appellant.

I.—An execution or attachment against the property of a partner or tenant in common of property, may be levied on his interest in the partnership or joint property. At common law this right extended to all property of such a nature that it could be levied on. *Story on Partnership, secs.* 261-263, *and cases cited.*

By the levy the sheriff acquired a special property in the goods, and was substituted, as was the purchaser at the execution sale, to the rights of the execution partner. *See same section,* 263.

II.—The same rule still exists, the only change made by statute being (*see sec.* 133, *of chap.* 66, *Gen. Stat.*) to extend the class of property which may be levied on, so as to include everything which is property, including debts. The rights of the creditor and debtor, the officer, and any one interested in the property, are the same as under a levy upon property leviable at common law.

III.—That section 136 of the same chapter, which is intended to provide means, pending the action, (being under the title attachment) to save the goods from perishing or the debt from being lost, does not expressly mention a debt due the attachment debtor with others, cannot limit the meaning of section 133.

IV.—When the sheriff levies on the interest of one partner in a debt due the partnership, he, and in case of sale, the purchaser, acquires a property in the debt and is substituted to the rights of such partner. And under section 136 the sheriff may exercise that right by suing in the name of himself and the other partners.

Allis v. Day.

V.—There are no more difficulties or complications upon such a levy, than upon a levy of tangible property.

E. C. Palmer for Respondent.

I.—A debt, not due, belonging to a partnership, composed of two or more members, is not attachable in an action against one of the partners, nor is the interest of one partner in such a debt. The debt does not "belong" to the debtor partner, nor has he any individual or separate right thereto or interest therein, but only an interest in the surplus of the partnership effects, after the partnership accounts are settled and the partnership liabilities satisfied and discharged. And it is well settled that an attaching creditor cannot acquire, through his attachment, any higher or better rights to the property attached than the defendant had when the attachment took place. *Gen. Stat., chap.* 66, *secs.* 133, 136, 150, 154 *and* 158 ; *Kent's Com.,* 10*th Ed., vol.* 3, *p.* 39 ; *Drake on Attachment, p.* 220 ; 2 *Conn.,* 514 ; 8 *N. H.,* 238 ; 11 *N. H.,* 145 ; 1 *Minn.,* 162 ; 1 *Gallison,* 367 ; 5 *N. H.,* 193.

II.— Attachment is a provisional remedy created and regulated solely by the statute. The writ cannot be issued, levied or returned, or the property seized thereunder disposed of, except as prescribed by statute. And in the present case the proceeding is the basis and measure of jurisdiction. 1 *Minn.,* 82 ; 3 *Minn.,* 406 ; 9 *Minn.,* 303 ; *Gen. Stat., chap.* 66, *sec.* 55 ; *Gen. Stat., chap* 66, *title* 9.

III.—The rights, duties and liabilities of tenants in common and joint owners, are entirely different from those of partners, and the rules and principles applicable to such cases furnish no authority in support of the levy in this case. 2 *Conn.,* 514, 6 *Pick.,* 120 ; *Drake on Attachment, p.* 563.

IV.—But whatever view may be taken of the general question, the order setting aside the levy in this case must

be affirmed for errors appearing in the return of the sheriff making the levy.

1.   The whole debt was levied on, not the interest of the debtor partner in the debt.

2.   The debt was levied on as belonging to a firm long ago dissolved, of which the sheriff had notice from his writ, and the files in the cause, and it was proved and admitted on the hearing of the motion, that McQuillan was not indebted either to the old firm or to the defendant individually. 3 *Minn,* 277.

3.   No inventory is attached to the writ, and the return does not show that the specific debt levied on belongs to the defendant, or that he has any interest therein.

4.   No certified copy of the writ and notice was served.

5.   No certificate designating or describing the debt levied on, was demanded or obtained by said sheriff, of McQuillan. *Story on Partnership,* sec. 261, *and cases cited ;* 21 *Pick.,* 197 ; 22 *Maine,* 14 ; 2 *Missouri,* 15 ; 3  *T. B. Monroe,* 293 ; 31 *Conn.,* 395 ; *Gen. Stat., chap.* 66, *secs.* 128 *to* 140.

V.—Such a levy confers no right of action, or sale, either upon the sheriff or any one claiming through or under his official acts.  *Gen. Stat., chap.* 66, *sec.* 136 ; 11 *New Hamp.,* 145 ; 3 *Minn.,* 406.

*By the Court*—McMILLAN, J.—This is an appeal from an order of the District Court setting aside the levy of an attachment issued in the above entitled action.  The return of the sheriff to the attachment is, that he " attached by virtue of this writ, a certain debt, and indebtedness due and owing from Philip F. McQuillan to the within named defendants, for goods sold by them to him, on or about the 14th day of June, A. D. 1867, consisting of about twenty-five (25) barrels of whiskey :  Said debt, or indebtedness, being payable on or

about the 14th day of October, A. D. 1867; and also all debts and indebtedness due or owing by said McQuillan to said defendants, or to said Franklin O. Day, defendant; and on same day, viz., July 8th, A. D. 1867, I served a copy of within writ, with a notice endorsed thereon of the property, debt, or indebtedness, so attached, of said McQuillan, to said defendants, or to said Franklin O. Day, upon said McQuillan, and delivered and left the same with him, personally, on said 8th day of July, in Ramsey county, aforesaid." It is urged that the order setting aside the levy must be here affirmed, because, (1) The whole debt was levied on, not the interest of the debtor partner in the debt: (2) The debt was levied on as belonging to a firm long ago dissolved, &c.: (3) No inventory is attached to the writ, and the return does not show that the specific debt levied on belongs to the defendant, or that he has any interest therein: (4) No certified copy of the writ and notice was served: (5) No certificate, designating or describing the debt levied on, was demanded or obtained by said sheriff, of McQuillan. It appears that there is an old firm of Derby & Day, and a new firm of the same style, but composed in part of different individual members. The indebtedness sued on, is alleged to have accrued against the old firm of Derby & Day, which was dissolved by the death of Derby, leaving Franklin O. Day surviving partner, against whom this action is brought: a new firm of Derby & Day, composed of Chas. S. Stuart and Franklin O. Day, having been since organized and now existing. On the hearing of this motion, the defendant introduced certain affidavits, showing that no indebtedness of any character ever existed against McQuillan, in favor of the old firm of Derby & Day; but that an indebtedness of the character described in the return did exist against said McQuillan, in favor of the new firm of Derby & Day.

The affidavits were not objected to by the plaintiff, and no

counter affidavits were introduced. The truth of the facts stated in the affidavits do not seem to be controverted by the plaintiff, and the case was argued and treated throughout upon the assumption that the facts are therein truly stated. The new and the old firm, although bearing the same firm name, and containing one member common to both, are distinct and separate firms, and as such hold their property entirely independent of each other. The ownership of the debt, therefore, is a material and essential part of the description, and as the return shows that the specific debt attached is one owing from McQuillan to the old firm of Derby & Day, it cannot be applied to a debt belonging to the new firm, a distinct partnership. So far, then, as this portion of the return is concerned, the indebtedness from McQuillan to the new firm was not, nor was the interest of either of the partners of the new firm in such indebtedness attached by the sheriff. But the return further states that the sheriff, in addition to the specific debt mentioned in the return, attached "also all debts and indebtedness due or owing by said McQuillan to said defendants, or to said Franklin O. Day, defendant." It is not claimed that there was any existing indebtedness from McQuillan to Franklin O. Day, individually; but it appears, as we have seen, that there was an indebtedness from McQuillan to the new firm of Derby & Day, of which Franklin O. Day was a member. The question is whether the language of the return just quoted embraces the interest of Franklin O. Day in this indebtedness. We think it does not. The fair construction of the language of the return is that the indebtedness attached is due to Franklin O. Day individually. But can it be said that the indebtedness sought to be held under this attachment is due or owing by McQuillan to Franklin O. Day? It is a partnership debt; the individual partner has no separate property in it, or in any part of it;

he cannot maintain an action by which he can recover it, or any part of it, in his own name or to his own use; the debts of the partnership are due to it only, and not to the individual members of it or either of them; it must sue in its firm name and recover the debt to its use. While, therefore, an individual partner has an interest in the assets of the firm, that interest is derived through the firm; and although it should be held that this interest of an individual partner in a partnership debt may, under our statute, be attachable, it is not, we think, embraced in the description of the debt attached contained in this return. Whether if the general language of the return would include the interest of the defendant in a partnership debt of this kind, the return must contain a more specific description of the particular debt attached, we need not consider.

The order appealed from is affirmed.